IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELLEN MATHENY, et al.            *
         Plaintiffs

                           *

        v.                                 Civil No.  L-04-2566

                           *

LOWE'S HOME CENTERS, INC.
        Defendant          *

******

**MEMORANDUM**

This is a premises liability case.  Ellen Matheny was injured at the Hagerstown, Maryland, Lowe's Home Centers, Inc. ("Lowe's") when a vertically-rolled 9x12 foot carpet toppled from its display stand and struck her on the head.  On August 5, 2004, she filed the instant suit against Lowe's for negligence and loss of consortium.[1]

On March 13, 2006, the Court denied the Defendant's first Motion for Summary Judgment without prejudice so that the parties could supply additional briefing necessary to flesh out the record.  (Docket No. 37).  The Court posed specific questions for the parties to address in supplemental briefs.  (Docket No. 36).  After the supplemental briefs were filed, the Court held a hearing on May 23, 2006.  The Court will now construe Defendant's supplemental filings as a Renewed Motion for Summary Judgment.  For the reasons stated herein, the Court will, by separate Order, DENY the motion.[2]

---

[1]      Mrs. Matheny's husband is co-plaintiff.

[2]      A Motion to Compel remains on the docket because originally it was improperly filed. (Docket 47).  The plaintiffs seek to compel Lowe's to identify any person injured by falling merchandise at any Lowe's store prior to Mrs. Matheny's accident, along with documents.  The Motion to Compel is DENIED.  The request is overly broad and beyond the scope of this matter.  Lowe's has already provided information regarding 18 incidents involving falling carpets at Lowe's stores, not just the Hagerstown Lowe's.  Accordingly, Lowe's has provided sufficient information to the Mathenys concerning the subject (falling carpets) of this litigation.

I.      **Background** [3]

The Hagerstown Lowe's rolls its large carpets and displays them vertically, with the butt

end of each roll resting on a shelf that is approximately three feet off the floor.  The roll inclines

away from the aisle at a slight angle, with the top portion of the roll leaning against the back of

the stand, wedged between metal brackets or arms.  A two-inch, horizontal "kick beam" keeps

the bottom of the carpet roll from sliding into the aisle. When properly stored, the heavy carpet

rolls are held in place by gravity.

Mrs. Matheny claims that she was standing with her back towards a display rack talking

to a Lowe's employee when, without warning, one of the heavy rolls toppled towards her,

striking her in the head.  Mrs. Matheny's back was to the carpet and she did not see it fall.  Mrs.

Matheny cannot say whether the rug was improperly perched; all she knows is that the carpet fell

and hit her.[4]

II.     **Business Invitees and the Duty of Care under Maryland Law**

Because the accident occurred in Maryland, Maryland law applies.[5]  Under Maryland

law, a store owes a duty to its customers to "exercise ordinary care to keep the premises in a

---

[3]      The Court reviewed the factual background of this case in more detail in its Memorandum Opinion dated March 14, 2006.  (Docket No. 36).

[4]      Scott Ballard, the employee who witnessed the accident, disputes Mrs. Matheny's story. On deposition, he testified that he was assisting another customer when he saw Mrs. Matheny pulling the plastic wrapper off of a properly stored carpet.  According to Ballard, Mrs. Matheny had one hand on her shopping cart, and she tugged at the wrapper with the other hand.  When he noticed the carpet move, Ballard yelled, "Look out!"  The carpet fell quickly, and Matheny was struck despite Ballard's warning. Mrs. Matheny denies having touched the carpet.

[5]      <u>Konka v. Wal-Mart Stores, Inc.</u>, No. 97-1013, 1998 WL 24378 (4th Cir. Jan. 26, 1998).

reasonably safe condition."[6]  A store owner is liable for an injury to a customer caused by a condition in the store if the owner: (1) "knows, or by the exercise of reasonable care could discover" the condition; (2) has no reason to believe the invitee would discover the condition or realize a risk, and (3) invites the customer into the store without making the condition reasonably safe, or giving adequate notice of the condition.[7]  A store owner is not, however, an "insurer" of the customer while she is on the premises.[8]  The burden is on the plaintiff to show that the owner "created the dangerous condition or had actual or constructive knowledge of its existence."[9]

When a dangerous condition is caused by another customer, a business owner may be liable if it had "actual notice and sufficient opportunity to either correct the problem or warn its other customers about it."[10]  Alternatively, the owner may have had constructive (rather than actual) notice of the defective condition, but only "if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it [to discover it] if he had exercise ordinary care, [so that] his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it."[11]

---

[6]    Rawls v. Hochschild, Kohn & Co., 113 A.2d 405, 407 (Md. 1955).  The parties agree that Matheny was an invitee when she was injured at Lowe's because she was "on the property for a purpose related to the possessor's business."  Baltimore Gas and Elec. Co. v. Flippo, 348 Md. 680, 688 (1998). The Court uses "invitee" interchangeably with "customer."

[7]    Rawls, 113 A.2d at 407; Mondawmin Corp. v. Kres, 266 A.2d 8, 12-13 (Md.1970).

[8]    See Moulden v. Greenbelt Consumer Servs., 210 A.2d 724, 725 (Md. 1965) (No "presumption of negligence" just because an injury occurred).

[9]    Lexington Market Auth. v. Zappala, 197 A.2d 147, 148 (Md. 1964).

[10]    Rehn v. Westfield American, 837 A.2d 981, 984 (Md. App. 2003).

[11]    Rawls, 113 A.2d at 409.  See also Rehn, 837 A.2d at 984-85 ("What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover

An inference of negligence, however, must be "a legitimate inference and not mere speculation or conjecture."[12]

## III.    Analysis

The Mathenys posit two avenues of recovery.  First, that Lowe's failed to take reasonable steps to spot the precariously perched carpet and secure it.  Second, that Lowe's carpet rack system was negligently designed because it failed to nest the carpets securely.[13]  Lack of information about the cause of the accident forecloses the first avenue.  There is no evidence that a Lowe's employee (as opposed to a customer) stored the carpet precariously.[14]  No one can say how long the carpet was perched unstably before it fell.  There are no facts upon which to base a finding that Lowe's had a reasonable time to detect and correct the dangerous condition.

---

or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions.") (internal citations omitted).

[12]    Rawls, 113 A.2d at 408, 410 (inference of negligence must be legitimate and not mere speculation or conjecture; "purely a matter of speculation" whether water dropped by employee, plaintiff, or someone else); Carter v. Shoppers Food Warehouse, 727 A.2d 958, 966-67 (Md. App.1999) (summary judgment properly granted because allegations of knowledge merely speculation and conjecture); see also Goland v. Supervalu, Inc, No. 04-2717, 2005 WL 1115948 (D. Md. April 20, 2005); Ramsey v. Home Depot USA, Inc., No. 03-1504, 2004 WL 3178076 (D. Md. May 27, 2004); Yates v. Wal-Mart Stores, No. 03-2804, 2004 WL 1083250 (D. Md. May 11, 2004); Sinnott v. Wal-Mart Stores, Inc., No. 99-2494, 2000 WL 33281683 (D. Md. July 14, 2000); Wells v. Hyatt Corporation, No. 94-1181, 1994 WL 750556 (D. Md. Nov. 14, 1994) (summary judgment granted in all cases because the plaintiff's evidence only speculation).

[13]    The Complaint pleads this theory.  See Complaint, ¶¶ 12, 13, 17 (Docket No. 1).

[14]    The mere fact that Ballard was in close proximity to the carpet is not sufficient.  See Lusby v. Baltimore Transit Co., 195 Md. 118, 123 (1950); see also Maans v. Giant of Maryland, Inc., 871 A.2d 627, 634 n.5 (Md. App. 2004) (constructive notice cannot be inferred from the fact that the fall occurred near one of the supermarket's checkout lines).

Accordingly, no reasonable jury could find, by a preponderance of the evidence, that Lowe's knew of the dangerous condition or failed to exercise reasonable care to discover it.[15]

The doctrine of *res ipsa loquitur* does not fill the gap in the Mathenys' case.[16]  An inference of negligence under *res ipsa loquitor* has three elements: (1) a casualty of a kind that does not ordinarily occur absent negligence; (2) that was caused by an instrumentality exclusively in the defendant's control; (3) and that was not caused by an act or omission of the plaintiff.[17]  Here, the plaintiffs cannot show that the carpet was exclusively within the defendant's control.  Lowe's is a "big box" self-service store where customers are expected to help themselves, and frequently do so.  The store had been open for at least two hours before the accident and other customers had been in the carpet aisle.

In roughly half of the states, courts charge "big box" stores with constructive knowledge of dangerous conditions by virtue of the way in which they do business.  The so-called  "mode-of-operation" rule recognizes that in thinly staffed self-service stores customers frequently create dangerous conditions by, for example, spilling liquids on the floor or leaving heavy objects piled unstably on the shelves.[18]  Because such dangerous conditions are foreseeable, the rule dispenses

---

[15]     Moulden, 210 A.2d at 726 (the evidence must rise above "speculation or conjecture").

[16]     *Res ipsa loquitor* is not a rule of pleading; it relates to a burden of proof and the sufficiency of evidence.  Holzhauer v. Saks and Co. 697 A.2d 89, 92 (Md. 1997).

[17]     Id. at 92-93.

[18]     62A Am. Jur. 2d. Premises Liability § 482 (2006) ("Since a person in a supermarket will rarely be able to trace the origins of an accident, as a frequent example, neither an injured person nor a store owner would know who dropped a bottle in a store aisle causing the conditions leading to a person's injuries, the courts in some jurisdictions have mitigated the above rule by adopting the mode-of-operation rule.").  See also 62A Am. Jur. 2d. Premises Liability § 486 (2006) (defining the mode-of-operation rule as "when the operating methods of a store are such that dangerous conditions are continuous or easily foreseeable, the logical basis for the notice requirement is dissolved, and neither actual nor constructive

with the notice requirement, and an injured plaintiff is not required to prove that the "big box" store had actual or constructive notice of the dangerous condition.  The Mathenys cannot take advantage of this rule because the Maryland Court of Appeals expressly rejected it in <u>Maans v. Giant of Maryland, Inc.</u>[19]

Accordingly, the Mathenys must fall back on defective shelving as an avenue of recovery.  A store's shelving system must be reasonably designed and maintained to prevent injury to customers.  As mentioned, the shelving system in the Hagerstown store relied on gravity to keep the carpet rolls in place.  A reasonable jury might find that restraining arms or a cable were required to make the carpet aisles safe.  A jury might also fault Lowe's for failure to post a sign warning customers to be on the lookout.  Thus, the Mathenys are entitled to a jury trial on this issue.[20]

## IV.    Experts

Lowe's argues the Mathenys' case is flawed because they have offered no expert testimony, and expert testimony is required on the design issue.  The Court disagrees.  A lay jury is competent to decide whether Lowe's carpet racks are reasonably safe or not.  Nevertheless, Lowe's has requested permission to develop expert testimony on this issue, and the Court will

---

notice of the specific condition need be proved.").

[19]     871 A.2d at 636-639.  At the time <u>Maans</u> was decided, 21 states had adopted the rule.  <u>Id.</u> at 636-37.

[20]     This theory of recovery is not to be confused with the "mode-of-operation" rule that the Maryland Court of Appeals rejected.  The "mode-of-operation" rule imputes knowledge of a specific hazard (e.g., a slippery floor) to the store owner.  The former theory posits that a store's shelving system must take reasonable precautions "against the possibility that a customer may create a dangerous condition by disarranging the merchandise and creating potentially hazardous conditions."  <u>Norris v. Ross Stores, Inc.</u>, 859 A.2d 266, 272-73 (Md. App. 2004).  In other words, a self-service store owners is not held to a *higher* duty of care, but what might be "reasonable" for a self-service store owner may be different than what might be "reasonable" for other store owners.

allow it to do so. The plaintiffs present inclination is not to designate its own expert.  They may, however, change their mind after having taken the deposition of Lowe's expert.  Accordingly, discovery will be reopened for expert discovery, as follows.

| | |
|---|---|
| **Defendant's Expert Report due by:** | **July 28, 2006** |
| **Deposition of Defendant's Expert completed by:** | **August 18, 2006** |
| **Joint Status report due by:** | **September 1, 2006** |
| **Plaintiff's Expert Report due by:** | **September 15, 2006** |
| **Deposition of Plaintiffs' Expert completed by:** | **September 29, 2006** |

The status report should state whether the plaintiffs plan to provide their own expert. A Pretrial Order is due on October 20, 2006.  See Local Rule 106.  The Court will hold a Pretrial Conference on October 27, 2006 at 10:00 in Courtroom 7A.  In addition, the Trial is scheduled to proceed beginning on November 15, 2006.  The Court has reserved three days for the trial.

**V.      Conclusion**

For the foregoing reasons, the Motion for Summary Judgment will be DENIED.  The Court will REOPEN discovery for a limited period so that the parties may complete expert discovery.  The outstanding Motion to Compel discovery is DENIED.

Dated this 28th day of June, 2006.

_____/s/_____
Benson Everett Legg
Chief Judge